UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CROWN EQUIPMENT CORPORATION,<br>    Plaintiff,<br>v.<br><br>WILLIAM GLEASON and JOHN DOES 1-3,<br>    Defendants.<br>_____/ | Case No. 23-12016<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

# REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 10)

## I.   PROCEDURAL HISTORY

Plaintiff Crown Equipment Corporation filed this lawsuit against Defendant William Gleason and three unknown purported Crown employees for violating the civil Racketeer Influenced and Corrupt Organizations Act ("RICO") and violations of state law.  Plaintiff alleges that Gleason, in conspiracy with the John Doe defendants, sent letters to Crown to try to extort money for not exposing alleged unsafe work equipment and conditions, and sent letters to Crown customers warning them of Crown's alleged unsafe work equipment and conditions.  (ECF No. 1).  On October 6, 2023, Plaintiff moved for a preliminary injunction to stop Gleason from trespassing on Crown property and from contacting customers about

his complaints against Crown. (ECF No. 10). Defendant Gleason filed a document purportedly in response to the motion (ECF No. 21), but Gleason addressed none of the arguments raised in the motion. This case was referred to the undersigned for all pretrial proceedings. (ECF No. 5).

For the reasons discussed below, the undersigned recommends that Plaintiff's motion for a preliminary injunction be **DENIED WITHOUT PREJUDICE**.

## II.     ANALYSIS AND RECOMMENDATIONS

### A.     Governing Standards

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. The decision to grant or deny injunctive relief falls solely within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). In exercising its discretion, a court must consider whether plaintiff has established these elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive

relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown likelihood of success on the merits. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44 (2018).

    B.    <u>Discussion</u>

As a threshold matter, Plaintiff did not do much to support its motion with evidence. The only evidence before the Court are the documents attached to its complaint—letters from Defendants to Plaintiff and its customers, and an email from one customer to Plaintiff about a letter from Gleason. There are no declarations, affidavits, etc. This is troubling because "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (collecting cases); *Nat'l Wildlife Fed'n v. Burford*, 878 F.2d 422, 432 (D.C.Cir.1989) ("To obtain a preliminary injunction, [the plaintiff] not only had to demonstrate specific harm, but also carry the *burden of persuasion,* showing a likelihood of success on the merits. On a motion for summary judgment, a plaintiff need only create a jury issue."), *rev'd on other grounds sub nom. Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). "This is because the preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in [the]

limited circumstances which clearly demand it." *Id.* (citation and quotation omitted).

This failing is especially glaring when considering whether Plaintiff will be subject to irreparable harm absent an injunction. Plaintiff alleges in the complaint and the motion that it lost customers or goodwill because of Defendants' conduct and that "there can be no dispute that the motivation behind Gleason's and the John Does' illegal conduct . . . is to damage Crown's reputation with its customer base and destroy customer goodwill." (ECF No. 10, PageID.117). But there is no evidentiary support for this. There is no affidavit, for example, from a company official stating that it in fact lost a customer because of Gleason's conduct or that there is reason to know or believe that it lost or will lose goodwill because of Gleason's conduct. The single letter from one customer to Crown in the record shows the concern the customer has regarding the allegations, and the customer asked for a response, but this alone does not establish that the customer took its business elsewhere or that Crown otherwise lost goodwill. (ECF No. 1-10). Customers could see Gleason's letters as coming from a disgruntled former employee and pay them no heed. The Court cannot say one way or the other.

As for likelihood of success on the merits, Plaintiff's failure to produce evidence precludes a finding that it is likely to success on at least some of its state-law claims. Consider the tortious interference with a business relationship claim.

4

Under Michigan law, a tortious interference claim "requires proof of (1) a valid business relationship or expectancy; (2) knowledge of that relationship or expectancy on the part of the defendant; (3) an intentional interference by the defendant inducing or causing a breach or termination of that relationship; and (4) resulting damage to the plaintiff." *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 286 (6th Cir. 2010). Plaintiff alleged that Defendants interfered with its customer relationships by allegedly falsely accusing Plaintiff of knowing about unsafe equipment, and that those falsehoods caused the customers to terminate their agreements with Plaintiff. There is no evidence on which the undersigned can rely to conclude that Plaintiff indeed lost customers because of Defendants' conduct. It would be inappropriate to accept complaint allegations as true in this context, especially when producing evidence to prove this point would not be an onerous undertaking.

Similarly, Plaintiff's claim of defamation requires proving that the statements were false. *Redmond v. Heller*, 332 Mich. 415, 439–-440 (2020). Plaintiff made no such showing.

Next are the extortion claims, both as part of Plaintiff's RICO claim and the Michigan common law extortion claim. Title 18 U.S.C. § 1964(c), a RICO statute, creates a cause of action for a person injured by violation of 18 U.S.C. § 1962. Sections 1962(c) and (d) state,

5

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

"Racketeering activity" is defined as any act or threat involving bribery or extortion, among other things, chargeable under State law and punishable by imprisonment for more than one year, or that is indictable under certain provisions, including Section 201 related to bribery. 18 U.S.C. § 1961(1). At least two acts of racketeering activity are required. 18 U.S.C. § 1961(5).

Plaintiff alleges that Gleason and the John Does violated § 1962(c) as persons associated with an enterprise engaging in activities which affect interstate commerce through a pattern of racketeering activity by agreeing to threaten and extort Plaintiff through United States mail. (ECF No. 1, PageID.21, ¶ 51). These acts, according to Plaintiff, violated Michigan's "Malicious threats to extort money" statute (M.C.L. § 750.213), the federal "Blackmail" statute (18 U.S.C. § 873), and the federal "Interstate Communications" statute (18 U.S.C. § 875(d)). (*Id.* at PageID.21-22, ¶ 51). Gleason and the John Does allegedly violated these statutes by mailing written communication to Plaintiff in Ohio and to customers in Ohio, Illinois, and Michigan, falsely disparaging Plaintiff's business, falsely

accusing Plaintiff of violating product liability laws, threatening to destroy Plaintiff's reputation, and attempting to extort money from Plaintiff. (*Id.* at PageID.22, ¶ 52). For example, in the first letter from Gleason (purportedly on behalf of the John Does) to Plaintiff, Gleason says he and the others will be sending letters to Plaintiff's customers saying that the company knows its equipment is unsafe. He states that $500,000 each "will give us enough to move on and away and hope that this will make you do better." (*Id.* at PageID.11, ¶ 27).

It is unclear whether Plaintiff is likely to prevail on the RICO claim. On the one hand, Plaintiff's claim relies on the falsity of Gleason's and the Does' statements. But there is no evidence establishing the falsity of those statements. On the other hand, falsity is not necessarily required. "The 'intent to extort' element of § 875(d) supports the conclusion that Congress intended to criminalize only wrongful threats." *United States v. Coss*, 677 F.3d 278, 284 (6th Cir. 2012). A threat to procure something is wrongful if the person has no claim of right to the thing sought by way of the threat. *See id.* at 288. Thus, liability can exist even when the threat is to expose information that is true, if the exposure would be harmful and thus coercing that party to comply with the demand. It does not appear, by the language in the letters, that the Defendants have a claim of right to the money they requested. But since Plaintiff relies on the falsity of the

7

statements, the undersigned does not conclude that it is likely to succeed on the RICO claim.

The Michigan common law extortion claim also appears shaky without evidentiary support. In Michigan, the cause of action for civil extortion requires proof of the element of damages as well. *See In re Bradley Estate*, 494 Mich. 367, 384, 391-392 (2013) (suggesting that because the purpose of a tort action is to recover damages, damages of necessity is an element of a tort action). Plaintiff did not establish damages.

Though the last two factors in considering whether to grant a preliminary injunction do not weigh against granting an injunction,[1] because Plaintiff did not establish, with evidence, the likelihood of success on the merits or irreparable harm, the undersigned recommends that the motion be denied without prejudice.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion for preliminary injunction (ECF No. 10) be **DENIED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

---

[1] Specifically, it does not appear that Defendants or the public would be harmed if the injunction were granted, nor would an injunction go against the public interest.

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 21, 2023.        s/Curtis Ivy, Jr.
        Curtis Ivy, Jr.
        United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 21, 2023.

                                              s/Sara Krause
                                              Case Manager
                                              (810) 341-7850