UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CROWN EQUIPMENT CORPORATION, | Case No. 23-12016 |
| Plaintiff, | David M. Lawson<br>United States District Judge |
| v. | Curtis Ivy, Jr.<br>United States Magistrate Judge |
| WILLIAM GLEASON and JOHN DOES 1-3, | |
| Defendants.<br>_____/ | |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 14)
AND TERMINATING AS MOOT MOTION FOR EXPEDITED
HEARING (ECF No. 22)**

Before the Court are Plaintiff's motion to compel answers to its interrogatories and requests for documents (ECF No. 14), and its motion for expedited hearing on its motion for preliminary injunction and to strike Defendant Gleason's response to that motion (ECF No. 22).

The motion to compel is **GRANTED**. Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

1

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

A party can object to an interrogatory by stating the grounds for the objection with "specificity." Fed. R. Civ. P. 33(b)(4). A ground not stated timely in an objection is deemed waived. An objection to a request for production of documents "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Plaintiff served its interrogatories and requests for production of documents on Defendant Gleason on October 6, 2023. Soon after, Defendant Gleason mailed two letters to Plaintiff in response, both stating "I object to all." (ECF Nos. 14-4, 14-5). There was no other response from Gleason. Plaintiff requests that the Court

grant its motion to compel Gleason to respond to its requests. (ECF No. 14). Gleason's "response" to the motion does not address the arguments. Instead, it is a statement of his position against Plaintiff. (ECF No. 18).

The motion to compel is granted because Gleason's objections are insufficient. As explained above, objections to discovery requests need to be specific. His general "I object to all" does not suffice. Since Defendant Gleason is proceeding without counsel, the Court will allow him one final opportunity to properly respond to the discovery requests, either by responding to the requests in substance or providing specific objections to each request. Gleason must respond or properly object **within 21 days of this Order**. <u>Gleason is warned that failure to obey this Order and properly respond to Plaintiff's requests could result in sanctions under Fed. R. Civ. P. 37(b)(2), which include taking some facts Plaintiff alleges as true or rendering a default judgment against Gleason</u>.

Plaintiff's motion for expedited hearing on its motion for preliminary injunction and to strike Gleason's response to the same is **TERMINATED AS MOOT**. The undersigned filed a report and recommendation on the motion for preliminary injunction.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: November 21, 2023                     s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge


**CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 21, 2023.

                                            s/Sara Krause
                                            Case Manager
                                            (810) 341-7850