UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROWN EQUIPMENT CORPORATION,

                  Plaintiff,                      Case Number 23-12016

v.                                                Honorable David M. Lawson
                                                Magistrate Judge Curtis Ivy, Jr.

WILLIAM GLEASON,

                  Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT
AND RECOMMENDATION, AND GRANTING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Presently before the Court is a report issued on October 4, 2024 by Magistrate Judge Curtis Ivy, Jr. pursuant to 28 U.S.C. § 636(b) recommending that the Court grant in part the plaintiff's motion for summary judgment, grant judgment as a matter of law as to liability only on the plaintiff's defamation claim, deny the request for judgment as a matter of law on all of the other pleaded causes of action, and deny the plaintiff's request for a permanent injunction. The report advised the parties that objections to the recommendation were due within 14 days. The plaintiff timely filed one objection. The defendant failed to present any timely objections, but he filed a late objection on October 28, 2024.

The failure to file objections to a report and recommendation ordinarily waives any further right to appeal, *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987), and the failure to timely object to the report releases the Court from its duty to independently review the matter, *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Nevertheless, the Court has reviewed both the plaintiff's timely objection and the defendant's tardy submission and finds that neither side has presented good grounds to reject the magistrate judge's recommended disposition. The parties' objections will be overruled, and the plaintiff's motion will be granted in part.

I.

The plaintiff filed its complaint in this matter on August 10, 2023.  The dispute in this litigation followed on the heels of a previous matter in which the defendant here, William Gleason, sued the plaintiff, Crown Equipment Corporation, to recover for injuries that Gleason allegedly suffered while employed as a warehouse worker operating a forklift manufactured by Crown.  On March 29, 2023, Judge Matthew Leitman granted Crown's motion for summary judgment and dismissed the personal injury suit after finding that Gleason had failed to present sufficient evidence to sustain his product defect claim.  *See Gleason v. Crown Equipment Corp.*, No. 19-11126 (E.D. Mich. Mar. 29, 2023).  Gleason did not appeal.

According to the pleading in this case, after his suit was dismissed, Gleason undertook a letter writing campaign that included sending correspondence to several customers of Crown Equipment stating that Crown had concealed information about safety defects in its products and resulting injuries.  Gleason also wrote to Crown and demanded payment of $1.5 million for himself and three un-named "whistleblowers" whom he purported to represent in return for cessation of his initiative to expose Crown's safety problems.  When Crown refused to accede to Gleason's demands, he proceeded to send allegedly defamatory letters to Crown's customers.

On June 20, 2023, Gleason sent a letter to DOT Transportation, Inc., in which Gleason wrote, "Crown has been lying to you about the safety and quality of their products," that specific products purchased by DOT from Crown did not perform as advertised and had not been subjected to a testing regimen described by Crown in its product documentation, and that Gleason and other unidentified "witnesses" had "all the information . . . you need to file a breach of contract lawsuit against [Crown] for these lies."  Letter dated June 20, 2023, ECF No. 1-9, PageID.57-59.

Soon afterward, Gleason sent similar correspondence to another Crown Customer, McLane Company, Inc.  McLane subsequently emailed Crown to express its "concern" about the statements made in Gleason's letter, requesting from Crown a "response as soon as possible to each of the points raised."  Email dated June 29, 2023, ECF No. 1-10, PageID.61-64.

In late July 2023, Crown became aware that Gleason had sent a similar letter to a third customer, U.S. Foods, in Cincinnati, Ohio.

The plaintiff initiated this suit by filing a complaint on August 10, 2023.  The matter was referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings.  The magistrate judge held a scheduling conference and established a case management schedule.  However, Gleason failed to comply with the case management schedule and refused to engage in any substantive discovery relating to the claims.  The plaintiff filed a motion to compel, which was granted.  The defendant also refused to comply with the order granting the motion to compel.  The plaintiff followed up with a motion for sanctions, which was granted in an order issued by the magistrate judge on April 1, 2024.  Magistrate Judge Ivy found that Gleason had made no attempt to supply sincere or informative responses to the plaintiff's discovery requests, and that he had done so despite having multiple opportunities to honor his discovery obligations.  The plaintiff's request for entry of a default judgment was denied, and the magistrate judge instead ordered that as a sanction for the defendant's discovery misconduct the allegations of the complaint would be accepted as true.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i).

The plaintiff subsequently sought and was granted leave to file a motion for summary judgment, which the defendant opposed.  The magistrate judge recommended that the motion be granted in part only as to liability on the claim for defamation.  The magistrate judge found that the pleaded facts were insufficient to establish all of the required elements of the plaintiff's claims

for civil conspiracy, extortion, and RICO conspiracy.  Judge Ivy found, based on the allegations

in the pleading, which he was obligated to accept as true, that the plaintiff plausibly had pleaded

that Gleason published (unspecified) false statements to several of Crown's customers, and that

the pleaded facts otherwise sustained the elements of defamation.  However, he found that Crown

had not pleaded any facts to suggest that it suffered "irreparable harm" as a result of the defamatory

letters, since Crown had not alleged facts to establish any actual loss of customer goodwill.

The plaintiff filed a single objection in which it argues that the magistrate judge erred by

recommending that its request for a permanent injunction should be denied, citing cases which it

says stand for the proposition that "a trial court may enjoin a defendant from making defamatory

statements after there has been a determination that the speech was, in fact, false." *Rooks v.

Krzewski*, No. 306034, 2014 WL 1351353, at *30 (Mich. Ct. App. Apr. 3, 2014) (collecting cases).

The plaintiff contends that, contrary to the magistrate judge's conclusion, it is not necessary for a

defamation plaintiff to prove that it suffered "economic harm" in order to justify an injunction

barring the defendant from republishing defamatory statements.

Gleason filed an uncaptioned document after the objection deadline which does not discuss

or reference the report and recommendation, but merely expresses Gleason's desire to "thank the

court system for standing with the people and seeing through this obvious attempt to once again

avoid accountability."  Correspondence dated Oct. 28, 2024, ECF No. 55, PageID.664.

## II.

The magistrate judge emphasized in his report that the plaintiff had not pleaded any facts

sufficient to suggest that it suffered any significant loss of customer goodwill as a result of

Gleason's defamatory letters, despite having pleaded facts sufficient to sustain the elements of a

viable cause of action for defamation.

"In Michigan, the four basic elements of a defamation claim are as follows: '(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation *per se*) or the existence of special harm caused by publication.'" *Ghanam v. Does*, 303 Mich. App. 522, 544, 845 N.W.2d 128, 142 (2014) (quoting *Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420, 421 (2005)).  "To be considered defamatory, statements must assert facts that are 'provable as false.'" *Id.* at 545, 845 N.W.2d at 143 (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990)).  The plaintiff attached exhibits to its pleading consisting of letters with various statements about its products.  However, it did not identify which of those statements were "provable as false," instead merely alleging generally that Gleason's letters (sent to both Crown and its customers) "make baseless allegations as to the unsafe nature of Crown products."  Compl. ¶ 27, PageID.11.  The magistrate judge was obliged to credit that generalized allegation as true as a consequence of the prior ruling granting the plaintiff's motion for sanctions.  The pleading does not disclose any further specific detail illustrating how, precisely, any of Gleason's utterances were provably untrue.  The magistrate further found, based on the established allegations, that the unspecified false statements were published to Crown's customers by Gleason, that the statements were unprivileged, and that the plaintiff was harmed by the defamatory correspondence.

To establish its entitlement to a permanent injunction, the plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391

(2006).  "A plaintiff's harm . . . is irreparable if it is not fully compensable by monetary damages," *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (quotations omitted), and "an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate," *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). "The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute."  *Id.* at 512.  Nevertheless, the Sixth Circuit also has observed that "a preliminary injunction is an inappropriate remedy where the potential harm to the movant is strictly financial," and an exception to that broad limiting principle exists only "where the potential economic loss is so great as to threaten the existence of the movant's business." *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995) (citing *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1179 (5th Cir. 1989)); *see also Nexteer Auto. Corp. v. Korea Delphi Auto. Sys. Corp.*, No. 13-15189, 2014 WL 562264, at *10 (E.D. Mich. Feb. 13, 2014) ("Whether or not the loss of customer goodwill amounts to irreparable harm often depends on the significance of the loss to the plaintiff's overall economic well-being. Nexteer has failed to show that the loss of Chrysler as a customer on the UF/UT program, or possibly on the RU project, threatens its overall financial health to such a degree that such losses cannot be made whole with money damages . . . . It appears to the court that Nexteer is a substantial company and would not be driven out of business in the absence of injunctive protection. Under these circumstances, Nexteer has failed to show irreparable harm in as much as lost profits may be quantified, and a possible loss of customer goodwill does not threaten complete destruction of its business.").

As the magistrate judge observed, the plaintiff has made no attempt here to quantify the harm to its business based on the letters sent to three of its customers; in fact, the plaintiff has not

pleaded facts suggesting that it lost any business at all from the three customers in question, let alone any context to suggest the magnitude of any such loss.

The magistrate judge aptly surveilled the prevailing case law and concluded soundly that the plaintiff has failed to justify its request for the exceptional remedy of permanent injunctive relief in this suit which alleges purely commercial injuries. The plaintiff has offered no evidence to support a finding that any injury to its going concern would be so catastrophic as to "threaten the existence of its business," and injunctive relief therefore is an inappropriate remedy under the circumstances. *Performance Unlimited*, 52 F.3d at 1382.

Moreover, the teaching of the *Rooks* decision is unhelpful here, because in that case the Michigan Court of Appeals held narrowly that "defamatory speech may be enjoined after a determination that the speech was, in fact, false." *Rooks v. Krzewski*, No. 306034, 2014 WL 1351353, at *31 (Mich. Ct. App. Apr. 3, 2014). In this case, the plaintiff has not identified any specific utterances in Gleason's correspondence that were, in fact, false, nor has it pleaded any specific facts to demonstrate the falsity of any such statements. The importance of closely cabining any prospective injunctive relief is underscored by the extensive discussion in *Rooks* covering the intersection between tort law prohibitions on false and harmful publications and the First Amendment's presumptive protection of free speech — including speech of questionable veracity. *See ibid.* ("[B]ecause some of the statements that the trial court found were false and portrayed Rooks and Gruizinga in a false light were protected by the First Amendment as subjective opinion or rhetorical hyperbole, we remand to the trial court for the issuance of a new injunction that is limited to those statements found false by the trial court and not protected by the First Amendment."). The plaintiff has not presented sufficient facts — alleged or otherwise — to allow principled line drawing between protected and unprotected portions of Gleason's communications.

Under these circumstances, the issuance of injunctive relief on such an unsound footing would be an exercise fraught with constitutional peril.

III.

The magistrate judge did not err in concluding that the plaintiff has failed to establish its entitlement to injunctive relief despite having established sufficient facts to support a judgment of liability on its defamation claim. The plaintiff's objection to the magistrate judge's reasoning is without merit. The magistrate judge indicated in her report that further litigation on other aspects of the plaintiff's case may be appropriate. The referral of the matter for the conclusion of pretrial proceedings therefore will be continued.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 52) is adopted, and the plaintiff's objections (ECF No. 53, 54) are **OVERRULED**. The defendant's untimely objections (ECF No. 55) also are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 42) is **GRANTED IN PART**, and the defendant is adjudged liable on the plaintiff's claim for defamation (Count V). The motion is **DENIED** in all other respects.

It is further **ORDERED** that the referral of the matter to the assigned magistrate judge is **CONTINUED** under the previous order of reference.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   February 26, 2025