UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROWN EQUIPMENT                          Case No. 23-12016
CORPORATION,
                        Plaintiff,       David M. Lawson
v.                                       United States District Judge

WILLIAM GLEASON, *et al.*,               Curtis Ivy, Jr.
                        Defendants.      United States Magistrate Judge
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 68)

On February 25, 2025, the Court adopted the undersigned's report and recommendation granting in part Plaintiff's motion for summary judgment on its defamation claim.  (ECF No. 58).  The District Judge subsequently entered a Supplemental Scheduling Order enabling the parties to engage in discovery on "the sole remaining question for trial, which is the extent of the plaintiff's damages." (ECF No. 63, PageID.689).

Plaintiff served discovery requests consisting of two interrogatories and two requests for production on Defendant William Gleason on September 2, 2025. (ECF No. 68-2).  Collectively, the discovery requests seek information and documents regarding the letters or other communications Gleason sent to Plaintiff's customers as well as "each and every person and entity" other than those customers regarding Plaintiff and its products.  Plaintiff also asked Gleason to

produce any response he received from those with whom he communicated. Gleason responded to the discovery requests with "Free Market, First Amendment" or just "First Amendment."  (ECF No. 68-3).

Plaintiff, in turn, filed a motion to compel Gleason to answer the discovery requests and produce the requested documents and information.  Plaintiff also asks for its costs, expenses, and attorneys' fees incurred in filing its motion.  (ECF No. 68).  The District Judge referred that motion to the undersigned.  (ECF No. 69).  Plaintiff's motion is **GRANTED**.

Gleason submitted two filings following Plaintiff's motion.  That said, it is unclear if these filings were directed at Plaintiff's motion to compel considering Gleason did not reference a specific docket entry.  While Plaintiff construed Gleason's first filing as his response in opposition, the Court will consider both of his filings.

Gleason filed a response to "[Q]uestions and Emails" on September 16, 2025.  (ECF No. 70).  But this filing did not offer any further explanation on his answers to Plaintiff's discovery requests or otherwise address Plaintiff's motion. As part of his unresponsive submission, Gleason merely stated that "[b]usinesses reached out to Crown after hearing that Crown equipment was lying about capabilities and quality of their products," but did not identify those businesses or

2

reference who contacted them.  Plaintiff pointed out as much in a reply brief filed on September 18, 2025.  (ECF No. 71).

Gleason's second filing—entitled "In Response to Crown's Questions"— appears to be an unauthorized sur-reply.  (ECF No. 73).  There, he explained that when he refers to "hundreds of businesses" he means "all the businesses across the country that agree companies that lie about their products and make their employees and/or customers unsafe need to be held accountable."  (*Id.* at PageID.765).  Gleason also incredulously stated that he does not know who Plaintiff's customers are anyway.  (*Id.*).  He did not otherwise address Plaintiff's motion.

First, even if Gleason does not know who Plaintiff's customers are, Plaintiff's discovery requests also ask for documents and information related to people or entities that Gleason contacted other than Plaintiff's customers.  (ECF No. 68-2, PageID.736-37).  Second, for Gleason to profess ignorance as to who Plaintiff's customers are is to continue a troubling trend of bad-faith discovery practices.  Plaintiff alleged in its complaint that Gleason and the John Does contacted at least two of its customers—GFS and DOT Transportation, Inc.— regarding Crown and its products.  (ECF No. 1, PageID.17, ¶¶ 35, 37).  These allegations are accepted as true because of Gleason's prior bad-faith discovery practices in this case.  (ECF No. 34).  Gleason and the John Does also contacted

3

the McLane Company with a letter that began, "Dear crown equipment customer," suggesting that Gleason and the Doe Defendants believed McLane was one of Plaintiff's customers. (ECF No. 1-10).

In any event, neither of Gleason's filings address his deficient discovery responses or expand on his objections to Plaintiff's discovery requests. Such responses and briefing are just as deficient as those he submitted in response to Plaintiff's first set of discovery requests. (ECF No. 24).

As explained previously, a party can object to an interrogatory by stating the grounds for the objection with "specificity." Fed. R. Civ. P. 33(b)(4). A ground not stated in a timely objection is deemed waived. An objection to a request for production of documents "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Gleason's "First Amendment" and "Free Market" objections are not stated with the degree of specificity needed to enable the Court's assessment of those objections. There is no explanation on how the discovery requests violate the First Amendment or free market principles. Since the burden "rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper," Gleason's objections are improper and overruled. *See Strategic*

4

*Mktg. & Rsch. Team, Inc. v. Auto Data Sols.*, No. 2:15-cv-12695, 2017 WL
1196361, at *2 (E.D. Mich. Mar. 31, 2017) (internal quotations omitted).

Having granted Defendant's motion, the Court "must . . . require the
party . . . whose conduct necessitated the motion . . . to pay the movant's
reasonable expenses incurred in making the motion, including attorney's fees."
Fed. R. Civ. P. 37(a)(5)(A).  The Court will not order such sanctions if "(i) the
movant filed the motion before attempting in good faith to obtain the disclosure or
discovery without court action; (ii) the opposing party's nondisclosure, response,
or objection was substantially justified; or (iii) other circumstances make an award
of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).  The Court does not find
any of the three enumerated exceptions applicable to the present case, nor did
Gleason make any argument regarding these exceptions.

Accordingly, Gleason is **ORDERED** to provide the requested information
and documents **within twenty-one days of this Order**.  Gleason is also
**ORDERED** to reimburse Plaintiff the fees and costs expended on this motion
**within twenty-one days of this Order**.  If the parties cannot agree on reasonable
costs and fees, Plaintiff must file a bill of costs supporting its costs and fees, and
Gleason must file a response within fourteen days of service of the bill of costs.
No reply will be allowed.

It should be noted further that this is not the first time Gleason has not responded appropriately to Plaintiff's discovery requests.  The Court previously granted a separate motion to compel Gleason's responses to discovery because of his deficient objections.  (ECF No. 24).  Gleason did not comply with the Court's Order compelling his responses to Plaintiff's discovery requests.  This resulted in the Court sanctioning Gleason and accepting as true many of the factual allegations in Plaintiff's complaint.  (ECF No. 34).  **Gleason is hereby warned that failure to obey this Order and properly respond to Plaintiff's discovery requests could result in further sanctions under Rule 37(b)(2)(A), including, but not limited to, taking as established the amount of Plaintiff's alleged damages or precluding Gleason from offering evidence regarding a lesser damages calculation**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.

Date: October 6, 2025               s/Curtis Ivy, Jr.
                                    Curtis Ivy, Jr.
                                    United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 6, 2025.

                                    s/Sara Krause
                                    Case Manager
                                    (810) 341-7850

7